## STATE ex NEPTUNE v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2868.   Decided Oct 11, 1938

Holloway, Peppers & Romanoff, Toledo, Wardlaw, Gertner & Armstrong, Columbus, for relator.
Herbert S. Duffy, Attorney General, Columbus, Eugene Carlin and John Rossetti, Asst. Attys. General, Columbus, for respondent.

## OPINION

Bq HORNBECK, J.

This is a suit in mandamus to require the defendant to consider the age and experience of the decedent (Mary D. Neptune) in fixing the average weekly wage and de-

pendency of relator, as provided by §1465-85 GC.

It appears from the petition and agreed statement of facts that Mary D. Neptune in her life time was employed as assistant art instructor in the Central Catholic High School, Toledo, Ohio; that on March 19, 1931. decedent received injuries in the course of her employment resulting in her death on July 29, 1932. Application was made to respondent commission for payment of compensation on account of the death of Mary D. Neptune and allowed in favor of relator, the mother of decedent on behalf of herself and two brothers of the decedent. The award provided that decedent's average weekly wage be fixed at $15.00 per week, and the sum awarded was $3462.86, payable $10.00 per week from July 30, 1932, to March 19, 1939.

On April 21, 1937, an application for modification of award was filed with respondent accompanied by an affidavit of Rev. R. J. Kirsh. On May 21, 1937, the commission ordered the application for modification of award dismissed. Thereafter motion for reconsideration of said order was made of date July 29, 1937, which on August 30, 1937, was dismissed.

It further appears by the stipulation that at the time of the death of Mary D. Neptune she was twenty years of age; that she began her employment in September, 1930, receiving the sum of $60.00 per month from September 30th to January 15th, 1931, and thereafter received the sum of $65.00 per month until March 19, 1931.

It is also stipulated by the parties that a deposition of Louis R. Romanoff was to be offered in evidence but respondent while admitting the identity objects to the materiality and relevancy thereof.

The petition further avers that the deceased at the time of her injury and for six months had been an assistant teacher with the prospect of becoming an art or dramatic teacher at a considerably increased salary; that respondent entirely disregarded these facts and did not and would not apply the provisions of §1465-85, GC, in determining the average weekly wage of deceased at the time of her death.

Issue is drawn by answer of the respondent.

The deposition of Louis R. Romanoff is to effect that at the time of the hearing on application for modification of award two members of respondent commission stated that the application for modification was meritorious, but that inasmuch as it had not been the practice of the commission to give application to §1465-85 GC, in fixing the average weekly wage in death cases they would give no consideration to the section in the instant application.

It is the basis of the claim of relator to the extraordinary writ of mandamus in this case that the respondent commission in making its order on the application for modification of award gave no consideration whatever to §1465-85, GC. This affirmation must be established by competent proof and as we view it can only be determined if the order of the commission is such that it could not have been properly made if consideration was given to the statute. This conclusion we can not reach.

We can not accept the affidavit of counsel for the relator as to the statements of certain members of the commission respecting the reasons which actuated their order carried into formal finding. It is elementary that a court or any quasi-judicial body speaks through its record only. The present case illustrates very forcibly the basic fault in permitting testimony aliunde the record respecting an order required to be made by the commission in legal form. Granted that the affidavit of Mr. Romanoff speaks the truth, and we have no reason to doubt it, it is nothing more than the expression of the opinion of two members of a commission which may or may not have eventually controlled their finding. If the statute required that the commission specify the grounds for its order, then counsel should have insisted that such finding be made and if not done, noted formal objection on the record. This might well be the predicate of a suit in mandamus to require the commission to act as the law enjoins.

Nor does the agreed statement of fact require or compel the conclusion that the commission did not give full force and effect to the provisions of §1465-85, GC, in its order dismissing the application for modification and the application for rehearing. The section provides:

"If it is established that the injured employee was of such age and experience when injured as that under natural conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wage."

None of the record which was made before the commission is before us except that which appears in the agreed statement of facts, although it would appear from the affidavit of Mr. Romanoff that considerable

testimony was before the commission and considered by it. It is obvious that inasmuch as the finding of the commission must be affirmative of the elements in §1465-85, GC, without the record before us upon which the commission acted we can not conclude that it did not observe the provisions of the section.

The writ will be denied.

BARNES, PJ, and GEIGER, J, concur.